577 So.2d 835 (1991)
Charles SHAMSIE d/b/a Mansfield Pump & Supply, Plaintiff-Appellee,
v.
PYRAMID PETROLEUM, INC., Defendant-Appellant.
No. 89-1114.
Court of Appeal of Louisiana, Third Circuit.
April 17, 1991.
*836 Wm. D. Dyess, Many, for plaintiff-appellee.
John W. Pickett, Many, for defendant-appellant.
Before DOMENGEAUX, C.J., and DOUCET and LABORDE, JJ.
LABORDE, Judge.
This is a suit to enforce a privilege for oil well supplies brought pursuant to Oil Well Lien Act, LSA-R.S. 9:4861 et seq. On February 17, 1988, plaintiff, Charles Shamsie d/b/a Mansfield Pump and Supply, filed in the public records of Sabine Parish, Louisiana, a lien on three wells for equipment, materials, supplies and labor sold and delivered to defendant, Pyramid Petroleum, Inc. The amount claimed on the lien was $4,223.27. On August 11, 1988, plaintiff filed a "Petition Exercising Lien" in the Eleventh Judicial District Court for the Parish of Sabine, State of Louisiana. The petition alleged that defendant was indebted to plaintiff for the full sum of $6,328.55, that sum representing materials, supplies and labor furnished to the defendant by the plaintiff. The petition also prayed for attorney's fees of 10% of the total amount due, interest and costs. In the final paragraph of the petition, the plaintiff prays that:
"... his lien and privilege on the wells described above situated in Sabine Parish, Louisiana, be recognized, that said wells be, in due course, seized and sold, and that the proceeds therefrom be applied to the payment of petitioner's claim with preference to all others, except to any preexisting bona fide mortgages [sic] recorded prior to any materials furnished on the said wells."
Trial of this matter was held on January 5, 1989. Judgment was rendered in favor of the plaintiff and against defendant for the full amount of $6,328.55, together with 10% attorney's fees, legal interest and costs. Defendant has now perfected this devolutive appeal. We agree with defendant that the trial court erred in awarding the plaintiff an amount which was greater than that set out in the lien. We, therefore, amend the trial court's judgment to recognize the plaintiff's lien in the amount of $4,223.27 and affirm the judgment as amended.
LSA-R.S. 9:4861 provides for a privilege on an oil well to furnishers of labor, materials or supplies in connection with the operation of the well. Specifically, it states that:
"A. Any person who performs any labor or service in drilling or in connection with the drilling of any well or wells in search of oil, gas or water, or who performs any labor or service in the operation or in connection with the operation of any oil, gas or water well or wells, or performs any labor or service in the construction, operation, or repair or in connection with the construction, operation, or repair of any flow lines or gathering lines, regardless of their length, which are attached to or connected with the oil, gas or water well or wells, and any pipeline owned by the producer, operator or contract operator of the well, has a privilege on all oil or gas produced from the well or wells, and the proceeds thereof inuring to the working interest therein, and on the oil, gas or water well or wells and the lease whereon the same are located, and on all drilling rigs, standard rigs, machinery, pipelines, flow lines, gathering lines and other related equipment, including, but not limited to, monitoring, measuring, metering and control equipment, appurtenances, appliances, equipment, buildings, tanks, and other *837 structures thereto attached or located on the lease, and rights-of-way in the case of a gathering line, flow line or other producer, operator or contract operator owned pipeline for the amount due for labor or service, in principal and interest, and for the cost of preparing and recording the privilege, as well as ten percent attorney's fees in the event it becomes necessary to employ an attorney to enforce collection.
B. Any person who does any trucking, towing or barging, or who makes any repairs, or furnishes any fuel, drilling rigs, standard rigs, machinery, equipment, material or supplies for or in connection with the drilling of any well or wells in search of oil, gas or water, or for or in connection with the operation of any oil, gas or water well or wells, or for or in connection with the construction, operation or repair of any flow lines or gathering lines, regardless of their length, and any other pipeline owned by the producer, operator or contract operator of the well or wells, whether or not a producing well is obtained and whether or not such materials, machinery, equipment, services and supplies are incorporated in or become a part of the completed oil, gas or water well, has a privilege on all oil or gas produced from the well or wells and the proceeds thereof inuring to the working interest therein and on the oil, gas or water well or wells and the lease whereon the same are located, and on all drilling rigs, standard rigs, machinery, appurtenances, appliances, equipment, buildings, tanks, pipelines, flow lines, gathering lines and other related equipment, including, but not limited to monitoring, measuring, metering and control equipment and other structures thereto attached for drilling, equipment and operation of the well or lease, and rights-of-way in the case of a gathering line, flow line or other producer, operator or contract operator owned pipeline, for the amount due for such trucking, towing, barging, repairs, fuel, drilling rigs, standard rigs, machinery, equipment, material, or supplies, in principal and interest, and for the cost of preparing and recording the privilege as well as ten percent attorney's fees in the event it becomes necessary to employ an attorney to enforce collection thereof. This privilege is second in rank only to the privilege granted in favor of laborers."
There is no dispute as to the fact that plaintiff, furnished materials and supplies to defendant in connection with the operation of three oil wells and that plaintiff has a privilege on said wells for the amount due on these materials and supplies; the disagreement between the parties concerns the amount of plaintiff's lien. Plaintiff argues that the invoices introduced into evidence at trial and contained in the record on appeal establish that defendant owes $6,328.55 for materials and supplies furnished to his well. Defendant contends that this amount is unsubstantiated, and that plaintiff should in any case be limited to the amount claimed in the lien document.
LSA-R.S. 9:4862 states that:
"A. (1) To preserve the privilege granted by R.S. 9:4861, a notice of such claim or privilege, setting forth the nature and amount thereof, shall be filed for record and inscribed in the mortgage records of the Parish where the property is located...." [Emphasis added.]

* * * * * *
In explaining the purpose of the Oil Well Lien Act, the Louisiana Supreme Court, in Mercantile National Bank of Dallas v. J. Thos. Driscoll, Inc., 194 La. 935, 195 So. 497, 502 (1940), observed the following:
"It is clear that the purpose of the act is to require notice of the claim to be given by setting forth the nature and amount thereof, as well as the property upon which the lien is claimed, in order to apprise third persons of the kind of a lien which is claimed, what property is affected, and to fix the limit of the claim so that no more can be claimed. [Emphasis added.]
The court also stated:
"If the Supply Company had, on the trial of the matter, attempted to establish a claim for more than the amount shown by the recorded notice, or on property not described therein, the court *838 would properly hold that the Supply Company's lien was limited to the amount stated in the recorded notice and confined to the property therein described."
Id., at 502. Accordingly, it is apparent to this court that plaintiff is limited to the amount claimed in his lien filed in the public records of Sabine Parish, i.e., $4,223.27.
In brief, plaintiff contends that he should be able to recover the full amount because this suit is the nature of a suit on open account. We disagree. Plaintiff filed suit to enforce a lien on several oil wells as provided for by the Oil Well Lien Act. By filing a "Petition Exercising Lien" with attached copy of the lien document filed in the public records, it is clear that plaintiff's intention is to have an oil well privilege recognized.
For the foregoing reasons the judgment of the trial court is amended and recast to read:
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of Plaintiff, Charles Shamsie d/b/a Mansfield Pump and Supply, and against Defendant, Pyramid Petroleum, Inc., recognizing plaintiff's lien in the full amount of FOUR THOUSAND TWO HUNDRED TWENTY THREE AND 27/100 ($4,223.27) DOLLARS, with 10% attorney's fees and legal interest from date of judicial demand.
In all other respects, the judgment is affirmed. Costs are to be shared equally by plaintiff and defendant.
AFFIRMED AS AMENDED.